RECEIVED IN
COURT OF CRIMINAL APPEALS

JUN 15 2015

Abel Acosta, Clerk

SUPREME COURT OF TEXAS

NO. _____

THE STATE OF TEXAS

V.

JAMES A. BROWN

---

APPEAL FROM TEXAS COURT OF APPEALS,
THIRD DISTRICT, AT AUSTIN

---

NO. 03-13-00760-CR

---

JUDGEMENT RENDERED MAY 12, 2015

---

MOTION FOR EXTENTION OF TIME

---

TO THE HONORABLE JUSTICES OF THE SUPREME COURT OF TEXAS:

COMES NOW JAMES ARTHUR BROWN, PETITIONER IN THE ABOVE-ENTITLED AND NUMBERED CAUSE, AND MOVES THIS COURT TO EXTEND THE TIME TO FILE A (PDR) PETITION FOR DISCRETIONARY REVIEW TO PREVENT THE MISCARRIAGE OF JUSTICE, AND SHOWS IN SUPPORT OF THIS MOTION:

I. THE ATTORNEY REPRESENTING THE DEFENDANT ON APPEAL DID NOT, WITHIN FIVE DAYS AFTER THE OPINION WAS HANDED DOWN, SEND A COPY OF THE OPINION AND JUDGMENT, ALONG WITH NOTIFICATION OF THE DEFENDANT'S RIGHT TO FILE A PRO SE PETITION FOR DISCRETIONARY REVIEW UNDER RULE 68. THE THIRD COURT OF APPEALS AFFIRMED THE TRIAL COURT'S JUDGMENTS OF CONVICTION MAY, 12, 2015. ATTORNEY SENT VIA

(1)

CERTIFIED MAIL TO THE SMITH UNIT MAY 21, 2015. THE CERTIFIED MAIL HAS A U.S. POSTAL DATE JUNE 4, 2015. THE ~~PETITIONER~~ PETITIONER RECEIVED THE CERTIFIED MAIL ON JUNE 9, 2015 WHERE HE SIGNED FOR IT FROM THE PRISON OFFICIAL FOR THE MAIL. FROM MY UNDERSTAND THE DEADLINE IS JUNE 10, 2015, THE DEFENDANT JUST DISCOVERED ~~~~ HE HAD AN ATTORNEY ON DIRECT APPEAL JUNE 9, 2015, A DAY BEFORE THE DEADLINE.

II. THE DATE ON WHICH THE CONSTITUTIONAL RIGHT ASSERTED WAS INITIALLY RECONIZED BY THE PETITIONER, ON WHICH THE JUDGMENT BECAME FINAL BY THE CONCLUSION OF THIRD COURT OF APPEALS OR THE EXPERATION OF TIME FOR FILING A PDR CONTESTING APPELLATE COURT'S AFFIRMATION ON TRIAL COURT'S JUDGMENT OF CONVICTION, WHICH ALL ARE EXTERNAL TO HIM.

III. THIS CAUSE FAIRLY APPEARS TO REST PRIMARILY ON FEDERAL LAW OR TO BE INTERWOVEN WITH FEDERAL LAW, WITH QUESTION REGARDING ADEQUACY OF STATE RULE ON WHETHER, IT IS FIRMLY ESTABLISED AND REGULARLY FOLLOWED, THAT IS, IN FAILURE TO GIVE A PARTY FAIR NOTICE OF ADVERSE ACTION AND PROCEDURE.

IV. EXTRAORDINARY CIRCUMSTANCES ESTABLISHING A MISCARRIAGE OF JUSTICE, AND THE LATE PETITION WHICH IS BASED ON THE CODIFICATION OF THE EQUITABLE DOCTRINE; WHICH INCLUDE ABSENCE OF AVAILABLE STATE CORRECTIVE PROCESS AND EXISTING CIRCUMSTANCES THAT RENDER SUCH PROCESS INEFFECTIVE TO PROTECT THE RIGHTS OF THE

(2)

PETITIONER IF THIS MOTION IS NOT GRANTED.

V. THE ABOVE CAUSE INCLUDE A CRIMINAL CONVICTION IN TRIAL COURT CAUSE D1-DC-13-300630 ~~████████~~ THAT REST ON FUNDAMENTAL ERROR AND UNWAIVABLE RIGHTS ENTITLED TO DEFENDANTS

VI. FAILURE TO SET ASIDE THE STATE'S DECISION AND EXTEND THE TIME BY 30 DAYS OR GRANT TOLLING AFFORDING FAIR OPPORTUNITY TO PRESENT CLAIMS WILL BE A MISCARRIAGE OF JUSTICE.

WHEREFORE, PETITIONER PRAYS THE COURT EXTEND THE TIME BY 30-DAYS OR GRANT EQUITABLE TOLLING AND SET ASIDE THE DECISION OF THE COURT BELOW.

JUNE 9, 2015

James A Brown

## ORDER
( ) GRANTED          ( ) DENIED

(3)